IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VICTOR B. PERKINS,          *

      Plaintiff           *

        v.             *        Civil Action No. DKC-19-822

THE UNITED STATES FOOD AND   *
   DRUG ADMINISTRATION,
THE UNITED STATES DEPARTMENT OF  *
   HEALTH AND HUMAN SERVICES,[1]
                      *

      Defendants
                     ***

**MEMORANDUM OPINION**

In his complaint, Plaintiff Victor B. Perkins, a self-represented litigant and an inmate at the Federal Medical Center in Rochester, Minnesota, claims that Defendants the United States Food and Drug Administration ("FDA") and the United States Department of Health and Human Services negligently failed to protect consumers from injury from pharmaceutical products they were "Constitutionally directed to regulate" and seeks $25 million in damages. ECF No. 1 at 9; ECF No. 9. Mr. Perkins alleges that the FDA violated due process [2] by failing to protect consumers from injuries associated with the "consumption and use of the [P]rilosec proton pump inhibitor and the protonix medications." ECF No. 1 at 2, 6. He asserts that he suffered two heart attacks from using Prilosec. *Id*. at 5.

---

[1] The Clerk shall amend Defendants' names on the docket.

[2] Mr. Perkins asserts due process claims pursuant to the Fifth and Fourteenth Amendments. ECF No. 1 at 6. The Fourteenth Amendment's due process clause applies to state action. *Shelley v. Kraemer,* 334 U.S. 1, 13 (1948). The Fourteenth Amendment is inapplicable here because Defendants are not state actors.

Defendants moved for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on August 7, 2019. They seek dismissal of the due process claims and/or civil rights claims against them on the grounds of sovereign immunity and, to the extent Mr. Perkins raises a tort claim, for failure to exhaust his administrative remedies. ECF No. 17. Mr. Perkins was provided an opportunity to respond to Defendants' motion but has not done so.[3] The issues are briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendants' motion will be granted.

## I.     STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)). In the context of such a motion, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R. v. Unites States*, 945 F.2d 765, 768 (4th Cir. 1991)).

A plaintiff bears the burden of establishing subject matter jurisdiction. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Goldsmith v. Mayor of Balt.*, 845 F.2d 61, 63-64 (4th Cir. 1988)). However, a *pro se* plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no

---

[3]     After he was provided notice of Defendants' motion to dismiss,, Mr. Perkins filed two unresponsive submissions, a paper titled "voided agreement" and a Petition for a Writ of Mandamus. ECF Nos. 19, 20.

set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d

1147, 1151 (4th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) (quotation and

citation omitted). Pleadings filed by *pro se* litigants, "however unskillfully pleaded, must be

liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v.

Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). The failure to exhaust administrative remedies before

bringing a claim is a basis for dismissal under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp.

2d 600, 607 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).

## II.    DISCUSSION

Sovereign immunity protects the United States and its agencies from all lawsuits absent a

waiver of immunity. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). Congress may,

through enacting legislation, expressly waive sovereign immunity for certain suits. *See Kerns v.

United States*, 585 F.3d 187, 193–94 (4th Cir. 2009). A waiver of sovereign immunity, however,

is "strictly construed" in favor of the United States. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Liberally construed, Mr. Perkins' complaint alleges a violation of his right to due process

under the Fifth Amendment, but does not contend that Congress has waived sovereign immunity

as to his claim. The Fifth Amendment does not, in and of itself, operate as a waiver of sovereign

immunity. *Hopes v. Roche*, Civ. No. RDB-04-2963, 2005 WL 1812820, at *7 (D. Md. Aug. 2,

2005) (quoting *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982)) ("The Constitution

does not waive the Government's sovereign immunity in a suit for damages."). A waiver of

sovereign immunity, "if it exists at all, must be found in the statute giving rise to the cause of

action." *Id.* (quoting *Garcia*, 666 F.2d at 715-18); *Lim v. United States*, Civ. No. DKC-10-2574,

2011 WL 2650889, at *8 (D. Md. July 5, 2011) ("Federal courts have no jurisdiction over claims

against the United States asserting general violations of the Constitution not authorized by specific statute.").

The sole statute Mr. Perkins cites in the complaint, 28 U.S.C.§ 1343, grants district courts original jurisdiction of certain civil rights claims. ECF No. 1 at 5. The statute does not waive the United States' immunity to suit. *Jachetta v. United States*, 653 F.3d 898, 907-08 (9th Cir. 2011) (Section 1343(a)(3) does not waive the federal government's sovereign immunity); *cf. Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (holding that a jurisdictional statute "merely establishes a subject matter that is within the competence of federal courts to entertain"); *Radin v. United States*, 699 F.2d 681, 685 n. 9 (4th Cir. 1983) (noting that a jurisdictional statute is "merely a jurisdictional grant that in no way affects the sovereign immunity of the United States").

The Federal Tort Claims Act ("FTCA") provides a limited waiver of the sovereign immunity in regard to certain tort actions. *See* 28 U.S.C. §§ 1346(b), 2674. Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment[.]" *Id.* § 1346(b). As a waiver of sovereign immunity, the FTCA is to be narrowly construed and is not to be extended by implication. *See United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992). A plaintiff must exhaust administrative remedies before filing suit, or the case is subject to dismissal. 28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 112 (1993); *see also Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (Because "the district court had no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired.").

Mr. Perkins does not allege that he filed an administrative tort claim with HHS, nor has he demonstrated that he exhausted applicable administrative remedies. HHS has no record of Mr. Perkins filing an administrative tort claim in regard to the matters he asserts here. *See* Decl. of Daretia Hawkins, ECF No. 17-2 ¶ 5. In the absence of any demonstration by Mr. Perkins of a waiver of sovereign immunity, the court must dismiss his claims for lack of subject matter jurisdiction.

### III.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted. A separate Order follows.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
